**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| DESIGN BASICS, LLC, <br> CARMICHAEL & DAME DESIGNS, INC., <br> and PLAN PROS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> THE MCNAUGHTON COMPANY <br> d/b/a MCNAUGHTON HOMES and <br> MIDPENN CONSTRUCTION CO.; <br> 441 MCNAUGHTON PROPERTIES, LLC; <br> MIDPENN PROPERTIES, INC.; <br> MCNAUGHTON REAL ESTATE GROUP, <br> INC.; DAVID W. SHANNON; <br> VICKI R. SHANNON; FRANCIS J. <br> MCNAUGHTON; and MARK <br> MCNAUGHTON, <br><br> Defendants. | CASE NO. _____ <br><br> JURY DEMANDED |

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, Design Basics, LLC ("DB"), Carmichael & Dame Designs, Inc, ("CDD"), and Plan Pros, Inc. ("PPI"), by their attorneys, file this cause of action against the Defendants, The McNaughton Company d/b/a McNaughton Homes and MidPenn Construction Co ("McNaughton Homes"); 441 McNaughton Properties, LLC ("McNaughton Properties"); MidPenn Properties, Inc. ("MidPenn Properties"); McNaughton Real Estate Group, Inc. ("McNaughton Real Estate")

(collectively, the "Entity Defendants"); David W. Shannon, individually ("David Shannon"); Vicki R. Shannon, individually ("Vicki Shannon"); Francis J. McNaughton, individually ("Francis McNaughton"); and Mark McNaughton, individually ("Mark McNaughton") (collectively, the "Non-Entity Defendants") and shows:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4. Plaintiff, CDD is a Texas corporation engaged in the business of creating, publishing, and licensing architectural plans and designs, with its principal office located in Houston, Texas.

5. Plaintiff, PPI is a Nebraska corporation engaged in the business of creating, publishing, and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska

6. The Defendant, McNaughton Homes, is a for-profit Pennsylvania corporation with a principal office in Harrisburg, PA. McNaughton Homes is in the business of marketing, development, construction and sales of residential houses.

7. The Defendant, McNaughton Properties, is a for-profit Pennsylvania limited liability company with its principal office in Harrisburg, PA. McNaughton Properties is in the business of marketing, developing, and selling residential houses and subdivisions.

8. The Defendant, MidPenn Properties, is a for-profit Pennsylvania corporation with a principal office in Harrisburg, PA. MidPenn Properties is in the business of marketing, development, construction and sales of residential subdivisions, lots, and houses.

9. The Defendant, McNaughton Real Estate, is a for-profit Pennsylvania corporation with a principal office in Harrisburg, PA. McNaughton Real Estate is

in the business of marketing, development, and sales of residential subdivisions, lots, and houses.

10. Defendant David Shannon is an individual residing in Harrisburg, PA, who is the president, officer, director, manager and/or other principal of the Entity Defendants.

11. Defendant Vicki Shannon is an individual residing in Harrisburg, PA, who is an officer, director, manager and/or other principal of the Entity Defendants.

12. Defendant Francis McNaughton is an individual residing in Harrisburg, PA, who is the owner, officer, director, manager, and/or other principal of the Entity Defendants.

13. Defendant Mark McNaughton is an individual residing in Harrisburg, PA, who is the owner, officer, director, manager, and/or other principal of the Entity Defendants.

**Facts**

14. Since the mid 1980's, DB has been a major publisher of home plan catalogs, in which its works, as well as those of its related entities – such as CDD and PPI – are marketed. With the advent of the internet, DB, CDD, and PPI have marketed their works through publishing their designs on DB's website,

www.designbasics.com, and through their marketing partners. Consequently, Plaintiffs' designs have become ubiquitous in the marketplace.

15.     DB is the sole original author and owner of a large number of copyright-protected architectural works, including those entitled the "2638 Linden" and "4135 Gerard."

16.     CDD is the sole original author and owner of a large number of copyright-protected architectural works, including the one entitled "9165 Wilks Manor."

17.     PPI is the sole original author and owner of a large number of copyright-protected architectural works, including the one entitled "43043 Colbourne" (all of Plaintiffs' copyright-protected plans hereinafter will be collectively referred to as the "Copyrighted Works").

18.     **Exhibit 1** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "2638 Linden."

19.     **Exhibit 2** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for DB's "4135 Gerard."

20. **Exhibit 3** attached hereto are true and correct copies of the Registrations of Copyright issued by the U.S. Copyright Office for CDD's "9165 Wilks Manor."

21. **Exhibit 4** attached hereto are true and correct copies of the Deposit Materials and the Registrations of Copyright issued by the U.S. Copyright Office for PPI's "43043 Colbourne."

22. The Copyrighted Works described in paragraphs 15 through 21 above were independently created by – and are original to – Plaintiffs. In creating these works, Plaintiffs met the required "minimal degree of creativity" in architectural design, both as pictorial works and to the designs themselves as architectural works. The Copyrighted Works each contain the following non-exhaustive list of protectable elements:

    a.    The relationship, arrangement and composition of the spaces and elements;

    b.    The spatial relationships of the spaces and elements to all other spaces and elements;

    c.    The sizes and shapes of the rooms, and their spatial relationships to each other;

    d.    The arrangement and spatial relationships of the walls, flue chases, drop-downs, windows and doors within the floor plan;

    e.    The locations and spatial relationships between and among the placement of appliances, counter tops, and cabinets;

    f.    The placement of closets throughout the house;

    g.    The locations of and spatial relationships between and among toilets, shower/tubs and lavatories in the bathrooms;

    h.    The locations of porches, entryways, patios and front and rear or patio doors; and

    i.    The overall form of the houses, including but not limited to the "look and feel'' of the plan/design (including both the floor plan and outside elevation), and the manner in which the traffic flows through the house.

    23.    Defendants engaged, at least in part, in the business of drafting, publishing, distributing, and advertising residential home designs through traditional print media and on the internet on sites such as www.mcnaughtonhomes.com. On February 12, 2014 Plaintiffs first became aware that Defendants had violated their copyrights in one or more distinct ways. On said date, an employee of DB saw several plan designs being advertised and marketed on website owned and operated by one or more of the Defendants, www.mcnaughtonhomes.com, that were substantially similar or were strikingly similar (specifically with regard to all protectable elements contained within the Copyrighted Works, including but not limited to those elements described in

paragraph 22(a) – (i) above) to the Copyrighted Works described in paragraphs 15 through 21 above.

24. Plaintiffs preserved Defendants' infringing works by making screen captures (**Exhibit 5**). The works discovered at that time were:

    a.    Defendants' "Pinewood II" – DB's 2638 Linden

    b.    Defendants' "Pinewood III" – DB's 2638 Linden

    c.    Defendants' "Fairmont" – DB's 4135 Gerard

    d.    Defendants' "Farimont II" – DB's 4135 Gerard

    e.    Defendants' "Fairmont IV" – DB's 4135 Gerard

    f.    Defendants' "Windsor" – DB's 4135 Gerard

    g.    Defendants' "Award Winning Home" – CDD's 9165 Wilks Manor

    h.    Defendants' "Charleston" – PPI's 43043 Colbourne

25. When Plaintiffs checked their records, it found that none of the Defendants had ever licensed any of the Copyrighted Works. Additionally – and although Defendant McNaughton Homes, through Defendants Francis McNaughton and Vicki Shannon, ordered and was sent at least eighteen (18) of Plaintiffs' plan catalogs and purchased a construction license for five (5) of DB's plan designs – none of the named Defendants had ever purchased a license to use any of the Copyrighted Works at issue in this matter. Attached hereto as **Exhibit 6** is Defendants' Order History with Plaintiffs.

26. Plaintiffs also regularly and systematically handed-out and/or mailed publications containing Plaintiffs house plans to members of the National Association of Home Builders ("NAHB"), including those members of the Pennsylvania Builders Association ("PBA"). Defendants market that they are members of the PBA on their website, www.mcnaughtonhomes.com. Attached hereto as **Exhibit 7** are the membership listings from Defendants' website. Upon information and belief, all of the plans and elevations of the Copyrighted Works at issue in this case were within one or more of the plan books handed out and/or mailed by Plaintiffs to Defendants as part of Plaintiffs' normal business practice.

27. All of the Copyrighted Works within these plan catalogs and/or publications which were mailed to and received by Defendants, prominently displayed Plaintiffs' copyright management information ("CMI"), ensuring that anyone who received said plan catalogs and/or publications knows that Plaintiffs own all rights and title to the Copyrighted Works. Additionally, each of these plan catalogs prominently displays the URL for DB's website, and explains that without the purchase of a license, use of the designs displayed in the catalogs is copyright infringement. (**Exhibit 8**).

28. Additionally, Plaintiffs' home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of the widespread distribution of plan catalogs, periodicals, and

other publications including by third-party marketers, as well as through internet marketing efforts, including but not limited to the website, www.designbasics.com. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works. All of the Copyrighted Works marketed on www.designbasics.com also prominently display DB's, CDD's, and PPI's CMI, ensuring that anyone who views such works on the website knows that Plaintiffs own all rights and title to the Copyrighted Works. Despite this, when Plaintiffs discovered that Defendants had reproduced unauthorized copies of the Copyrighted Works and published such copies on their website www.mcnaughtonhomes.com, Plaintiffs noticed that none of the infringing works posted contained DB's, CDD's, or PPI's CMI. Upon information and belief, one or more of the Defendants (or a third-party acting on behalf of one or more of the Defendants) had removed Plaintiffs' CMI from these infringing works without authorization, knowing or having reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiffs' copyrights.

29. In addition to reproducing unauthorized copies of Plaintiffs' Copyrighted Works and posting such copies on Defendants' website(s) for purposes of advertising, marketing and/or promotion, one or more of the Defendants constructed one or more three-dimensional infringing copies (houses) of these works.

30. Additionally, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

31. Each three-dimensional copy constructed by Defendants as alleged in paragraph 24 (a) – (h) above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

**Contributory and Vicarious Liability of Principals**

32. Because the Non-Entity Defendants are principals, owners, officers, and/or manages of the Entity Defendants, or otherwise had control of them, they had knowledge of the Entity Defendants' infringing activities, and materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendant's copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

33. The conduct of the Entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of the Non-Entity Defendants personally, as owners, officers, directors and/or managers of the Entity Defendants. The Non-Entity Defendants had the right and ability to supervise the

...

infringing activities, including but not limited to preventing the Entity Defendants from infringing Plaintiffs' works, and/or stopping the infringements once they began. Additionally, on information and belief, the Non-Entity Defendants received direct financial benefit from the acts of infringement by the entity Defendants. Accordingly, Non-Entity Defendants are personally liable to Plaintiffs as joint and/or contributory infringers, or are otherwise vicariously liable.

34. The illicit acts of the Defendants, described in paragraphs 23 through 33 above were done without permission or license from Plaintiffs, and are in violation of DB's exclusive copyrights in said works.

35. Upon information and belief, Defendants have infringed Plaintiffs' copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**
**Violations of 17 U.S.C. §106(1)**

36. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

37. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 15 through 21 above, by scanning, copying, and/or reproducing

unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Two
## Violations of 17 U.S.C. §106(5)

38. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

39. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 15 through 21 above by publicly displaying, on their website(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Three
## Violations of 17 U.S.C. §106(2)

40. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

41. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 15 through 21 above by creating derivatives of Plaintiffs' works in the form of two dimensional plans and fully constructed residences, in violation of 17

U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Four
### Violations of 17 U.S.C. §106(3)

42. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

43. Defendants, without knowledge or intent, infringed on one or more of Plaintiffs' copyrighted works identified and described in paragraphs 14 through 21 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five
### Violations of 17 U.S.C. §106(1)

44. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

45. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 15 through 21 above  by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Six
## Violations of 17 U.S.C. §106(5)

46. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

47. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 15 through 21 above by publicly displaying, on their website(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Seven
## Violations of 17 U.S.C. §106(2)

48. Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

49. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 14 through 21 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Eight
## Violations of 17 U.S.C. §106(3)

50.     Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

51.     Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 14 through 21 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Violations of the Digital Millennium Copyright Act ("DMCA")
## Count Nine
## Violations of 17 U.S.C. §1202

52.     Plaintiffs re-allege and incorporate paragraphs 14 through 35 above as if fully set forth herein.

53.     Additionally and/or alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

54.     In creating the drawings identified above, one or more of said Defendants intentionally removed and/or omitted Plaintiffs' copyright management information, or had them removed or omitted from copies of Plaintiffs' works.

55. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

56. At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiffs' copyrights.

57. Plaintiffs are entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

58. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs are entitled to and seeks to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B.     For Plaintiffs' actual damages, in an amount to be determined at trial;

C.     For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D.     In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E.     An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F.     Plaintiffs' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G.     For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

H.     An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and

elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Date: <u>February 10, 2017</u>

<u>*s/Dana A. LeJune* (*Pro Hac Vice* to be filed)</u>
Dana A. LeJune (Texas Bar No. 12188250)
LEJUNE LAW FIRM
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713.942.9898
713.942.9899 (fax)
dlejune@triallawyers.net

<u>*s/Justin G. Weber*</u>
Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
downeyb@pepperlaw.com
weberjg@pepperlaw.com

Paul J. Kennedy (PA 39291)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4000
215.981.4750 (fax)
kennedyp@pepperlaw.com

*Attorneys for Plaintiffs*